**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA JOHNSON,                                          Case No. 1:12-cv-507

        Plaintiff,                                   Barrett, J.
                                                       Bowman, M.J.
      v.

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Lisa Johnson filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I.  Summary of Administrative Record

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income ("SSI") in September 2007 alleging a disability onset date of November 2006 due to physical and mental impairments. (Tr. 174-76, 177-80). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An evidentiary hearing, at which Plaintiff was represented by counsel, was held on January 10, 2010. (Tr. 32-82).

On March 26, 2010, ALJ Robert W. Flynn denied Plaintiff's application in a written decision.  (Tr. 16-27).

The record on which the ALJ's decision was based reflects that Plaintiff was 37 years old on her alleged disability onset date.  She has the equivalent of a high yschool education and attended two years of college.  (Tr. 36).  She has past relevant work as a certified nurses' assistant.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "cervical and lubmar degenerative disc disease, hypothyroidism, hypertension, bilateral hallux valgus, plantar fasciitis, major depressive disorder with psychosis, anxiety disorder, personality disorder, substance abuse by history, and a learning disorder by history." (Tr. 18-99).  The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC"):

> She can lift up to twenty pounds and frequently lift and carry ten pounds. In an eight hour work day she is able to sit and stand and/or walk up to six hours each.  She needs to alternative between sitting and standing every thirty minutes.  She can occasionally operate foot controls, balance, stoop, crouch, kneel, crawl, and climb ramps and stairs.  She is able to reach, including overhead, handle, finger, and feel on a frequent basis.  She cannot climb ladders, ropes, or scaffold or perform commercial driving. She should avoid unprotected heights and moving machinery.  The work should not require more than frequent fine visual acuity.  The claimant is limited to simple, routine, and repetitive tasks; in a low stress environment defined as free of fast paced production requirements; involving only simple, work related decision; and with few, if any work place changes. She should have no contact with the public.  She can occasionally interact with co-workers but should have no tandem tasks with co-workers.

(Tr. 20-21).  Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, while the Plaintiff is unable to perform her past relevant work, she can nonetheless perform jobs that exist in significant numbers in the national economy, including such jobs as motel or night cleaner, laundry aid and machine operator.  (Tr. 26).  Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI.  *Id.*

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff first argues that the ALJ erred by: 1) relying on testimony of the vocational expert that was inconsistent with the Dictionary of Occupational Titles; 2) failing to comply with SSR 96-7 in evaluating Plaintiff's credibility.  Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

## II. Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act.  *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

3

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that

claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. Specific Errors**

1. *Vocational Errors*

Plaintiff's first assignment of error asserts that the ALJ erred in finding that there were significant jobs in the national and regional economy. Specifically, Plaintiff contends that the testimony of the vocational expert conflicts with description of the jobs identified by the Dictionary of Occupational Titles ("DOT"). As such, Plaintiff maintains that the ALJ's decision at step five of the sequential evaluation process is not supported by substantial evidence. Plaintiff's assertion lacks merit.

At the administrative hearing, in response to hypothetical questions consistent with Plaintiff's RFC assessment as outlined above, the vocational expert testified that Plaintiff could perform such jobs as motel cleaner, laundry aid and stamper/machine operator. Notably, Plaintiff asserts that the hypothetical included limitations equivalent with a DOT reasoning level "1", yet the vocational expert listed jobs with reasoning

levels of "2". Plaintiff asserts that the DOT description of such jobs require a higher level of reasoning than that required for "simple unskilled" work. Thus, Plaintiff asserts that the ALJ's RFC assessment limiting her to "simple routine repetitive tasks," precludes her from performing the requirements of the jobs as defined by the DOT. As such, Plaintiff alleges that the vocational expert's testimony was in conflict with the DOT and therefore the ALJ's reliance on the VE testimony is not supported by substantial evidence. *See Marchitto v. Astrue*, 208-CV-148-FTM-DNF, 2009 WL 804620 (M.D. Fla. Mar. 27, 2009).

The Sixth Circuit has held, however, that an ALJ may rely on VE testimony even if there is an apparent conflict between the VE's testimony and the DOT. See *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). Notably, the ALJ has a duty under Social Security Ruling 00–4p to develop the record and ensure there is consistency between the VE's testimony and the DOT and "inquire on the record, as to whether or not there is such consistency." SSR 00–4p. Where, the ALJ questions the VE and the VE testifies that there is no conflict with the DOT, the Sixth Circuit has held that the ALJ is under no further obligation to interrogate the VE, especially where the plaintiff is afforded a full opportunity to cross-examine the VE. See *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 606 (6th Cir. 2009). The ALJ is only required to develop the record further where the conflict between the DOT and the VE's testimony is apparent. *Id.*; *See also* SSR 00–4p ("If the VE's ... evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.").

Here, the vocational expert expressly testified that a hypothetical person with Plaintiff's physical and mental limitations would be able to perform the jobs of night

cleaner, laundry aid and stamper/machine operator. (Tr. 77-80). The ALJ inquired, "And has all your testimony been consistent with the Dictionary of Occupation Titles? The VE responded, "Yes." (Tr. 80). Plaintiff's counsel did not question the VE about any apparent inconsistencies between the testimony and the DOT relating to reasoning levels, nor did counsel bring any potential conflicts to the ALJ's attention after the hearing. Counsel was afforded a full opportunity to cross-examine the vocational expert and the ALJ had no affirmative duty under SSR 00–4p to conduct hid own interrogation of the VE to determine the accuracy of the vocational testimony. *See Lindsley*, 560 F.3d at 606 (citing *Martin v. Commissioner of Social Security*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in S.S.R. 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.")). Because the ALJ specifically asked the VE if her testimony was consistent with the DOT and the uncontradicted testimony of the VE indicated that no conflict existed, the ALJ did not err by relying on such testimony in finding other jobs plaintiff could perform. *Id.*

Furthermore, the Sixth Circuit has indicated that the reasoning development requirements in the DOT, as well as other development requirements, are merely advisory and cannot be used to contradict VE testimony. *Matelski v. Comm'r of Soc. Sec.*, 1998 WL 381361, *6 (6th Cir. June 25, 1998); *see Monateri v. Comm'r of Soc. Sec.*, 2011 WL 3510226, *12 (6th Cir. Aug. 11, 2011) ("there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications").
In any event, Plaintiff has not shown any apparent conflict between the DOT and the VE's testimony as to the requirements for the motel cleaner, laundry aid and

stamper/machine operator.  As noted above, Plaintiff argues that the DOT descriptions for the jobs identified by the VE indicate that they require more "complex tasks" than the restrictions identified by the ALJ in his RFC determination.  However, as outlined by the Commissioner, the hypothetical posed to the VE by the ALJ did not expressly or implicitly include a DOT reasoning level "1", nor is the DOT reasoning level "2" for the jobs listed by the VE inconsistent with the ALJ's RFC.  Notably, the VE testified that the jobs could be performed given the limitations described in the hypothetical posed by the ALJ involving "simple, routine, and repetitive tasks; in a low stress environment defined as free of fast paced production requirements; involving only simple, work related decisions; and with few, if any work place changes." (Tr. 21, 76-77, 79-80).  The DOT states that the level "2" reasoning for these jobs simply requires "commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situation."  See 1991 WL 672657 (laundry worker, domestic); 1991 WL 687992 (Marker II).  Thus, the DOT descriptions for these occupations do not contradict the VE's testimony and do not indicate that they require more "complex tasks" than provided for in the ALJ's RFC.

Moreover, the "D.O.T. lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00–4p (emphasis added).  In other words, the reasoning levels listed in the DOT reflect the maximum requirements for the sedentary jobs listed by the VE, and not the range of specific requirements an individual must satisfy to perform the jobs.  See *Hall v. Chater*, 109 F.3d 1255, 1259 (5th Cir. 1997) (not every job identified by a VE will actually "have requirements identical to or as rigorous as those listed in the D.O.T.");

see also French v. Astrue, No. 2:08–cv–15, 2009 WL 151525, at *8 (E.D. Ky. Jan. 20, 2009) ("the DOT defaults to the highest physical demand level required by the job"). Social Security Ruling 00–4p recognizes that a VE "may be able to provide more specific information about jobs or occupations than the DOT." SSR 00–4p.  The Sixth Circuit has also recognized that just because the DOT does not corroborate a VE's testimony that specific jobs with specific characteristics exist "does not establish that they do not exist."  Beinlich v. Comm'r of Soc. Sec., 2009 WL 2877930, *4 (6th Cir. Sept. 9, 2009); see Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 605 (6th Cir. 2009) ("The fact, therefore, that a VE and the DOT might use different terminology to describe employment positions does not establish that a conflict exists"); see also Kepp v. Astrue, 201 WL 3440078 (S.D. Ohio July 6, 2011) (Bowman, MJ) ("just because a VE's testimony concerning the existence of specified jobs is contrary to the precise description listed in the DOT 'does not establish [the jobs] do not exist.'") (internal citations omitted).   Thus, even assuming there was a conflict between the VE's testimony and the DOT, the ALJ could reasonably rely on the VE's testimony that Plaintiff could perform the jobs identified at step five of the sequential evaluation process.   In light of the foregoing, the ALJ's decision is substantially supported in this regard.[1]

---

[1] The undersigned notes the recent Report and Recommendation in Burnett v. Commissioner of Social Security, Case No. 1:12-cv-366 (Doc. 10) (S.D. Ohio 2013) wherein I found that ihe record in Burnett presented a rare case where the VE's testimony was so patently deficient that it could not be considered credible testimony, and therefore did not provide the substantial evidence required to uphold the ALJ's decision.  Notably, the VE testified, inter alia, that Plaintiff could perform the "unskilled" jobs of dispatcher, counter sales, or general office clerk, and that his testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT").  However, "unskilled" jobs are classified as specific vocational preparation (SVP) level 1 or 2, but the jobs identified by the VE were "semi-skilled" at SVP level 4.  As such, I recommended that the decision of the ALJ be reversed and remanded under sentence four, due to over-reliance upon VE testimony that was so fraught with error, it did not provide substantial

*2. Credibility*

Plaintiff's second assignment of error asserts that the ALJ failed to consider the impact of the side effects of Plaintiff's medication on her ability to perform gainful activity in accordance with SSR 96-7p.  SSR 96-7p which provides a list of factors the ALJ must consider in evaluating Plaintiff's credibility, including the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms.[2]  Specifically, Plaintiff asserts that she testified at the administrative hearing that the medication Seroquel made her drowsy.  (Tr. 53-54, 66-67).  Plaintiff notes that medical records from Northeast Guidance Center indicate that she complained that Seroquel caused her to feel sedated all day.  (Tr. 361-82).  In addition, the record also indicates that Plaintiff complained that Abilify caused excessive drowsiness.  (Tr.  35). According to Plaintiff, however, the ALJ's decision failed to consider the side effects of Seroquel and/or Abilify.  Plaintiff's assertion lacks merit.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant*. Rogers v. Comm'r of Social Sec*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted).  In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding

---

evidence for the Commissioner's decision.  As outlined above, however, such is not the case here.  In this case, even assuming the VE's testimony did not align perfectly with the DOT's listed occupation titles, such minor inconsistences do not require remand.

[2] The full list of factors include: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96-7p

is entitled to deference and should not be discarded lightly. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Here, the ALJ's decision clearly indicates that he properly considered the side effects of Plaintiff's medication in light of the evidence of record. Notably, the ALJ's decision recognizes that Plaintiff was prescribed "a number of medications including Abilify, Xanax, Zoloft, Paxil, and Seroquel. The ALJ's decision further indicates that he considered the treatment notes from Northeast Guidance Center. (Tr. 20, 22, 24-25). The ALJ further noted that the record indicated that Plaintiff did not always take her medications as prescribed, yet she testified at the administrative hearing that she was compliant. (Tr. 25, 49). The ALJ also considered inconsistencies in Plaintiff's daily activities in determining Plaintiff's credibility. The ALJ noted Plaintiff worked at substantial gainful activity levels in 2007 and close to that level in 2008, well after her alleged onset date of disability of November 2006. (Tr. 22, 39-40).

Upon close inspection, the undersigned finds that the ALJ did not err by not explicitly mentioning Plaintiff's side effects in his credibility determination. The Sixth Circuit does not require an ALJ to articulate every single piece of evidence considered in making his disability determination. Nor was the ALJ required to accept Plaintiff's testimony regarding the side effects of her medications under the regulations. See *Jones v. Comm'r of Soc. Sec*, 336 F.3d 469, 475-76 (6th Cir. 2003 ("an ALJ is not required to accept subjective complaints and may properly consider the credibility of a claimant when making a determination of disability."). Here, the ALJ reasonably determined that Plaintiff's testimony regarding her allegations of her limitations was not credible because it was contradicted by other substantial evidence. *Jones*, 336 F.3d at 476. In support of the credibility finding, the ALJ considered the record as a whole and

11

discussed the nature and extent of Plaintiff's medical treatments, her testimony, and her prescribed medications. (Tr. 16).

Based on the foregoing, the undersigned finds that the ALJ's credibility analysis properly considered the side effects of Plaintiff's medication.  Accordingly, Plaintiff's second assignment of error should be overruled.

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1.  The decision of the Commissioner to deny Plaintiff DIB and SSI benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole; and

2.  As no further matters remain pending for the Court's review, this case be **CLOSED.**

> */s Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA JOHNSON,                                              Case No. 1:12-cv-507

        Plaintiff,                                    Barrett, J.
                                                          Bowman, M.J.
    v.

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).