UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lisa Johnson,

    Plaintiff,

    v.                                                               Case No. 1:12cv507

Commissioner of Social Security                Judge Michael R. Barrett

    Defendant.

## **ORDER**

This matter is before the Court upon the Magistrate Judge's June 6, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed. (Doc. 10.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 11.) The Commissioner filed a Response to the objections. (Doc. 12.)

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. Plaintiff objects to the Magistrate Judge's R&R conclusions that: (1) based on the uncontradicted testimony of the Vocational Expert ("VE"), there was no conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"); and (2) the ALJ properly considered the side effects of Plaintiff's medication. For the most part, these objections repeat the arguments made by Plaintiff in the Statement of Specific Errors.

At the hearing before the ALJ, the VE testified that Plaintiff could perform such jobs

as motel or night cleaner, laundry aid and stamper/machine operator. (Tr. 77-80.) The ALJ asked: "And has all your testimony been consistent with the Dictionary of Occupation Titles?" (Tr. 80.) The VE responded, "yes." (Id.) The Magistrate Judge noted that Plaintiff's counsel was afforded a full opportunity to cross-examine the VE on any potential conflicts, but did not do so. Citing *Lindsley v, Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009), the Magistrate Judge found that the ALJ had no affirmative duty under Social Security Ruling 00-4p to conduct his own interrogation of the VE to determine the accuracy of the testimony. The Magistrate Judge concluded the ALJ's decision is supported by substantial evidence.

In her objections, Plaintiff again argues that the ALJ's hypothetical questions limited Plaintiff to performing jobs with a "Level 1" reasoning level, but the jobs identified by the VE are categorized in the DOT as requiring a "Level 2" reasoning level.

This Court adopts all the reasons the Magistrate Judge stated for rejecting this argument. In addition to those conclusions, the Court notes that the DOT lists "motel cleaner" under 323.687-014, Cleaner, Housekeeping. The listing explains that this job requires a "Level 1" reasoning level. Therefore, Plaintiff's objection on this point is overruled.

As to Plaintiff's second objection, the Magistrate Judge found that the ALJ did not err in assessing Plaintiff's credibility, including the side effects of Plaintiff's medication. Plaintiff again argues that the ALJ did not consider the side effects of the medications of Seroquel or Abilify, both which Plaintiff testified made her drowsy. As the Magistrate Judge explained, "an ALJ's findings based on the credibility of the applicant are to be

2

accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). As the Magistrate Judge also explained, "an ALJ is not required to accept subjective complaints and may properly consider the credibility of the claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003).

The record shows that Plaintiff testified that her medications made her drowsy (Tr. 53-54, 66-67.) Medical records from the Northeast Guidance Center show that Plaintiff also reported that she experienced sedation from the Seroquel. (Tr. 375, 377.) Even if there were objective medical evidence in the record showing that a side effect of these medications is drowsiness or sedation, "[a] drug's recognized potential or tendency to have a certain side effect is not equivalent to evidence that it actually had, or seemed to be having, that side effect on the individual in question to any given degree." *Bieschke v. Comm'r of Soc. Sec.*, 1:07-CV-1125, 2009 WL 735077 *3 (W.D. Mich. Mar. 12, 2009). Therefore, the ALJ properly considered these subjective complaints part of his credibility determination. *Accord Hall–Thulin v. SSA*, 110 F.3d 64, 1997 WL 144237, *2 (6th Cir. Mar. 27, 1997) ("[T]he ALJ did not have to accept [the plaintiff's] assertion that her medication makes her so drowsy that it creates an additional restriction on her ability to perform sedentary work. There was no requirement that the ALJ's hypothetical question to the VE reflect this unsubstantiated complaint."). Therefore, Plaintiff's objection on this point is overruled.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June

6, 2013 R&R (Doc. 10) affirming the decision of the Commissioner.   This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                        *s/Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court